IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 21-CR-30045-SPM |
| | ) |
| ZACHARY R. DENNERT, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM/
RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Alexandria M. Burns, Assistant United States Attorney for said district, hereby provides its sentencing analysis and recommendation.

## I. Introduction

In deciding the appropriate sentence to impose, the sentencing court must consider the factors set forth in Title 18, United States Code, Section 3553:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. 3553(a).

The Court must also consider the kinds of sentences available and the applicable category of offenses and category of defendant, as set forth in the Guidelines and its policy statements, as

1

well as the need to avoid unwarranted sentencing disparities and to provide restitution to victims. 18 U.S.C. §3553(a)(3)-(7). Having analyzed these factors, the government respectfully recommends that a reasonable and appropriate sentence in this case is 15 years in the Bureau of Prisons.

## II.  ANALYSIS OF SECTION 3553(A) SENTENCING FACTORS

### A.  The nature and circumstances of the offense and the history and characteristics of the defendant

Zachary Dennert was first approached by law enforcement when he was 17 years old. During that contact, law enforcement confronted Dennert about his online behavior using fake profiles to target minors as young as 11 years old for sexually explicit images. As the investigation continued, law enforcement identified that Dennert was undeterred by law enforcement contact and continued to engage in the exploitation of minors well after he turned 18. Dennert targeted many male minors in the Belleville and surrounding areas to create his child pornography collection. Dennert posed as young girls and used explicit minor female images as currency to entice the minor males to send him sexually explicit images and videos.

Dennert created several fake social media profiles posing as teenage girls using different names including, "Kayla James," "Nicole Tanner," and "Natalie Carpizo." Images Dennert convinced the victims to produce were saved, stored, and categorized in his Google account. Dennert laid out decoys in the profiles of the fake accounts or in conversation by telling the male minors that he went to the same school as them or a school nearby, stating that he knew people they were familiar with, or that he went to Camp Ondessonk with them. Dennert used personal information that led the victims to believe they could trust the girls who were behind these accounts, but in reality, it was Dennert behind the screen.

Dennert's conduct was first discovered following a report that he had blackmailed a 14-year-old male threatening that if he did not send him naked photographs of himself, then Dennert would send a video of the male vaping to the male's family. This report was just the starting point to uncovering the details behind Dennert's compulsive behavior.

Dennert used one of the fake accounts to present himself as a 12-year-old girl to entice E.B., an 11-year-old boy, to send him nude pictures of himself. The real age difference between E.B. and Dennert is significant considering Dennert was over 18. Dennert sent E.B. nude pictures of a minor female and in return requested that E.B. send pictures of himself, which he did. A video of E.B. masturbating was found in Dennert's Google account along with 3 nude images.

Another victim, B.Z. a 13-year-old male, reported that he became friends with Dennert's profile named Kayla James on Instagram which he and Dennert exchanged messages through for about one month. Dennert sent B.Z. photos of a female's breasts and vaginal area to entice B.Z. to send nude photographs of himself. After feeling peer pressured into sending pictures, B.Z. sent several naked pictures, some of which included his face.

Dennert also targeted A.C., who was 14 years old. Following the same tactics, Dennert sent A.C. nude pictures of a female and then repeatedly demanded A.C. send nude pictures of himself in return. A.C. stated that Dennert pressured him until he sent the pictures. After sending the pictures, A.C. was notified that Dennert had taken a screenshot of the images. The notification caused A.C. to feel embarrassed and ashamed, so he stopped messaging and eventually blocked the account. Later, A.C. was messaged by another account threatening to post the nude images he had sent to "Nicole" if he did not follow the account on Instagram. Dennert not only pressured A.C. into sending him nude pictures, but also later distributed the photos of A.C. to another male

minor. Dennert built upon each victimization to gain trust with others familiar with those victims and further expand his collection of child pornography.

Using the fake accounts, Dennert repeatedly threatened and pressured these young men into sending him sexually explicit photos and videos to add to his vast collection. Dennert's harm is not limited to the identified victims as his child pornography collection was voluminous.

The case agent uncovered first-hand the ways Dennert would target any local boy he could gain access to. The agent created an Instagram profile posing as a teenage boy in Dennert's area. Following the patterns seen previously, Dennert followed and messaged the account using the profile named Nicole within hours. Dennert mirrored the age provided by the agent claiming to also be 15 years old. Dennert quickly turned the conversation sexual and sent images of a female before asking the agent for nude pictures. When the agent did not agree to his demands, Dennert offered to send inappropriate pictures that other people had sent and proceeded to send multiple nude images of male minors.

Dennert has engaged in an ongoing and undeterred pattern of behavior. When confronted by law enforcement at the age of 17 regarding his use of fake accounts to solicit criminal material from minors, Dennert admitted to his conduct and knowing it was wrong. After turning 18, Dennert continued to use fake profiles to demand and pressure minor males to send him sexually explicit photographs and videos. While on pre-trial release, Dennert disregarded his conditions and possessed an unmonitored cell phone so he could continue to engage in the same pattern of behavior online. This explicit, and undeterred, danger to the community led to Dennert's release being revoked.

There is nothing in Dennert's history that provides context for his behavior. Dennert reported

having a good relationship with his parents and expressed feeling loved and supported throughout his upbringing. It is noted that his relationship with his father has been strained due to the instant offense. Dennert graduated from O'Fallon Township Highschool in 2020 and attended one year at Southern Illinois University, Carbondale. Dennert disclosed having a history of anxiety and depression but reported no history of drug or alcohol use.

   **1. The Goals of Sentencing**

When initially confronted about his behavior while still a minor, Dennert admitted his conduct and appreciated that it was criminal. However, that did not slow or stop his behavior. Instead, Dennert continued to engage in the same conduct at a rapid pace. The crimes that Zachary Dennert committed are serious and the harm caused by Dennert's actions will have a lasting impact on the victims. His victims have vocalized distrust and anger created in the lives and this experience holds the potential to cause a ripple effect into their future relationships and mental health.

Further indication of the need to deter and protect the public is Dennert's possession of an unreported and unmonitored cellular phone. Dennert initially lied claiming he did not know who the phone belonged to, but eventually admitted to possessing the device since being placed on pretrial supervision. Upon examination of the phone, it was discovered that Dennert had continued to engage with social media accounts and display the same compulsive behavior. Even when under mandated restrictions, Dennert was undeterred and continued to engage in the same reported behavior, remaining a threat to public safety. It is clear there is a need to deter Dennert from this behavior and it is important that the sentence imposed protect the public from future crimes of the defendant.

Dennert is a young offender. The sentence requested reflects the need for Dennert's removal from society and various internet and social media platforms. This will provide a level of protection to the public. Additionally, Dennert will be provided significant opportunity to partake in treatment at the Bureau of Prisons, which he indicates an interest in. The sentence recommended takes into account Dennert's age at the time of the offense, his specific behavior as an adult in this case, and acknowledges the potential opportunity for rehabilitation.

### III.   CONCLUSION

Pursuant to the factors set forth in 18 U.S.C § 3553(a), and all the facts and circumstances of the case, the United States respectfully recommends that Zachary Dennert receive a total sentence of 15 years in the Bureau of Prisons.

Respectfully submitted,

RACHELLE AUD CROWE
United States Attorney

*/s/Alexandria M. Burns*
ALEXANDRIA M. BURNS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
Email: Alexandria.Burns@usdoj.gov